## FIXING THE AMOUNT DUE UNDER A BUILDING CONTRACT.

Circuit Court of Cuyahoga County.

ANTON DREHER v. L. W. McKENZIE ET AL.

Decided, December 7, 1908.

*Building Contract—Substantial Performance—Measure of Recovery— Waiver of Terms of Contract—Promissory Note—Payment.*

1. Where plaintiff is entitled to recover upon a building contract, because he has substantially performed his contract, it is proper for the jury in its verdict to fix the amount remaining unpaid upon the contract price as the amount due the plaintiff, the amount due the defendant as damages because of failure to complete fully the contract according to specifications, and make the recovery the difference between the two.

2. Where a building contract provides that no claim shall be made for alterations and additions unless they be made upon the written order of the architect, this provision may be waived by the owner, but evidence of waiver must be clear and convincing and it is error to charge that recovery can be had for such extras merely upon proof that they were furnished, without proof of waiver of the conditions of the contract.

3. Where a promissory note has been given for an estimate due on a .contract, and suit is afterwards brought for the amount due on the contract, the note must be treated as payment on the contract indebtedness, unless the plaintiff offer to surrender it.

*Mark A. Copeland,* for plaintiff in error.

*J. Sharp Maxwell, T. H. Bushnell, Foster, Foster & Howells, Howland & Niman, Calhoun & Guenther, Delos Cook, J. Freiberger* and *Thompson & Hine,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties to each other here is the reverse of the relation in which they stood in the court of common pleas. The terms plaintiff and defendant, as used in this opinion, will refer to the parties as they stood in the original action.

The plaintiff brought suit against the defendant for a balance claimed to be due for work and materials furnished in the erection of a building at the northeast corner of Euclid avenue and 105th street, in the city of Cleveland.

The petition alleges that the parties entered into a written contract for a certain part of the construction of this building; that contract is in writing and is attached to and made a part of the petition. (Parenthetically it may be said here. that to make such a contract a part of the pleading is not good practice and is not contemplated by the code. However, it is a defect which can only be remedied by motion, and the pleading is therefore good, although the proper way would have been to follow Section 5086, Revised Statutes of Ohio, and attach it, without making it a part of the pleading.)

Subsequent to the making of the contract already named, another written contract was entered into, as to certain other work which the plaintiff was to do for the defendant.

The petition sets out further that certain work, other than that specified in either the original or subsequent written contract, was done, and that the plaintiff fully performed all the things by him to be done in both of said written contracts (specifying the items), and then follow these words:

"And plaintiff further says that between the 19th day of July, 1906, and the 21st day of December, 1906, the said plaintiff

at the request of the defendant, Anton Dreher, and his authorized agents, the Harvey Bros., and upon the order of said architects, furnished additional materials and performed the labor incident thereto not called for in this original contract and that the reasonable value thereof is $1244.72, said additional work and material being as follows, to-wit:'' Then follows an itemized account of such additional work and materials.

The defendant answered admitting the making of the written contracts and denied that the plaintiff had fully performed on his part, and then by way of cross-petition, set up claim for damages because of the failure on the part of the plaintiff to fully complete his contract. The result of the trial was a verdict and judgment for the plaintiff. The form of the verdict is that the jury found a certain amount due to the plaintiff on his petition and that there was due to the defendant a certain other amount, on his cross-petition, and then found as the amount to be recovered by the plaintiff, the difference between the amount found due to him on his petition and the amount due to the defendant on his cross-petition. The amount of the latter being less than the amount of the former.

One of the errors complained of is that this verdict is inconsistent and is not properly framed. This objection is not well taken. Where the plaintiff is entitled upon a building contract to recover because he has substantially performed his contract, it is proper to fix the amount remaining unpaid upon the contract price as an amount due to him and then fix the amount due to the defendant, because of the failure to fully complete the contract according to all its specifications and make the recovery the difference between the two.

One of the provisions of the original contract reads as follows:

"Item 3. Should any alteration be required in the work shown or described by the drawings or specifications, a fair and reasonable valuation of the work added or omitted shall be made by the contractor, and the sum herein agreed to be paid for the work according to the original specification, shall be increased or diminished, as the case may be. In case such valuation is not agreed to, the contractor shall proceed with the alterations, upon

the written order of the architects, keeping exact account of the cost of labor and materials involved in the alterations, and if the same be less than that originally shown and described, the net difference shall be deducted from the sum herein agreed to be paid; but, if more, then the additional cost together with —— per cent. of the same shall be added to this sum.''

Another clause of the contract reads:

''Item 8.    The contractor shall make no claim for additional work unless the same shall be done in pursuance of an order from the architects.''

It is contended on the part of the plaintiff in error that these two items shall be considered together. In this contention we think the plaintiff in error is right, and that the additional work spoken of in item 8, is one of the things contemplated by the word ''alterations,'' and the words ''the work added or omitted'' in item 3.

The account for additional materials and labor in the petition, for which the sum of $1,244.72 is made, is clearly for additional materials and labor upon the same building and in connection with the same work provided for in the written contracts, and this is shown too by the language of the petition, already quoted, and which is here re-copied as follows: ''the said plaintiff, at the request of the defendant, Anton Dreher, and his authorized agents, the Harvey Brothers, and upon the order of said architects, furnished additional materials and performed the labor incident thereto not called for in the original contract,'' and it follows that unless by reason of some other contract made between the parties, there was a waiver 'of the provisions of item 3, the plaintiff was not entitled to recover therefor, because there is not claim that there was any written order for this made by the architects, nor was there any valuation made before the work was done which was either agreed to or not agreed to. The contemplation of the parties clearly was, when the original contract was made that if additional material or labor was to be furnished, the contractor should make a valuation before furnishing the same, and if this valuation was agreed to, he should go on and furnish the labor and materials; if it was

not agreed to, then upon a written order of the architects he
should go on and furnish the labor and materials, keeping an
exact account of the cost, and recover therefor.

Here, as already said, no valuation was made, nor was there
any written order. However, the fact that these parties had
entered into a written contract providing that except by a writ-
ten contract and order nothing further should be done by the
plaintiff for which he should be paid, this did not prevent the
parties from agreeing to a waiver of this stipulation, nor did it
prevent the parties from entering into a new or additional con-
tract in any way in which they might have made a contract, if
this written contract had not been made.

To illustrate:  There might have been a written agreement be-
tween these parties that the plaintiff should construct a building
of a certain character and dimensions for a fixed and certain
price, and that the plaintiff should construct no other building
for the defendant, unless that should be upon a written con-
tract, and yet the parties might waive that and enter into a
verbal agreement that the plaintiff should construct another
building in addition to the one first contracted for, but when such
new contract is made containing a waiver of the previous writ-
ten contract, it is not sufficient to establish it by a mere pre-
ponderance of the evidence, the evidence of such waiver must
be clear and convincing.

In the case of *Ashley* v. *Henahan*, 56 O. S. 560, the fifth
paragraph of the syllabus reads as follows:

"Such stipulation being for the benefit of the employer, proof
of a waiver must either be in writing, or by such clear and
convincing evidence as to leave no reasonable doubt about it."
See also 125 Mass., 102; 27 Vt., 130-9; 59 Conn., 551-4.

The court charged in this case in reference to this additional
claim that:

"In regard to the claim for extras, you will look to the evi-
dence and find what work and material the written contract
entered into for the construction of the building required to be
done. After you have ascertained that, then you will inquire
whether or not the plaintiff did anything at the request of the

defendants towards the construction and completion of the building other than that agreed to be done in the written contract. If you find that work was done other than that, or outside of that provided in the written contract, then you must ascertain from the evidence what it is reasonably worth. If you find from the preponderance of the evidence that the work and material were performed and furnished by the plaintiff as above indicated, that would constitute extras, and if the price had not been agreed to between the parties, the plaintiff would be entitled to recover the reasonable value of the extras.''

In view of what has already been said this was erroneous.

A question is raised as to what effect the fact that the plaintiff held a note on which there was due the sum of $1,000 should have upon the verdict to be rendered here.

On the part of the plaintiff it was claimed that this note was given upon another indebtedness of the defendant to him. Of course, if the jury found this to be true, the note would cut no figure, in this suit. But the defendant claimed that this note was given to apply in part payment of the indebtedness sued for in this action. If this claim be true, then though the note is not payment of the indebtedness sued for in this action unless it is agreed between the parties that it shall be so treated, yet while the plaintiff held on to the note, failed or refused to deliver it up or cancel it, it should have been treated as a payment. The plaintiff was not entitled to hold on to this note if it was given upon the indebtedness for the construction of the building under consideration, and still recover the same amount as he would be entitled to recover if he had never received the note, because he would then have, when he recovered, full payment upon his contract and still be the holder of this note.

The court in its charge to the jury said:

''If you find that a note was given by the defendant to the plaintiff, or renewal notes were given for an estimate, such note or renewal notes do not create a new debt or operate as a discharge or satisfaction of the debt evidenced by the estimate of the architects, unless it is agreed upon between the plaintiff and defendant. And the burden of proof is upon the defendant to show that the estimate of the architects has been discharged or satisfied by said note or renewal notes.''

This statement not qualified by the further proposition that if the plaintiff was not to be charged with the amount due upon this note as a payment he must surrender the note, was erroneous.

Complaint is made that the court erred in refusing to give certain propositions in his charge to the jury, which were requested by the defendant before argument. Without stopping to consider each one of these propositions requested, it is sufficient to consider that it does not appear by the bill of exceptions that the court was requested in writing to give these propositions, nor does it appear that the court was requested to give the propositions in writing.

Paragraph 7, of Section 5190, Revised Statutes of Ohio, relating especially to charges and instructions of the court to the jury, reads as follows:

"The court, after the argument is concluded, shall, before proceeding with other business, charge the jury; any charge shall be reduced to writing by the court if either party, before the argument to the jury is commenced, request it; a charge or instruction, when so written and given, shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall by the jurors be taken in their retirement, and returned with their verdict into court, and shall remain on file with the papers of the case." See *Ry. Co.* v. *Gilbert,* 24 C. C., 181, and *Clark, Admr.,* v. *Boltz,* 29 C. C., 665.

And it has been held by this court and by the circuit court of the seventh circuit of Ohio, that where the requests were made for the purpose of invoking the statute referred to, it must affirmatively appear by the bill that the court was requested to give the propositions in charge in writing.

It follows that the plaintiff was not entitled to have these propositions given in the words requested, even though they embodied correct propositions of law applicable to the case. There was no error in the refusal of the court to charge these propositions before argument, and we find no error in the record justifying a reversal, except the errors in the charge already pointed out, and for these errors the judgment is reversed and the cause remanded.