[No. 7192. Decided December 19, 1908.]

ISAAC N. CURTLEY, *Respondent*, v. SECURITY SAVINGS SOCIETY, *Appellant*.[1]

EVIDENCE—OPINIONS OF EXPERTS—HYPOTHETICAL QUESTIONS—SUFFICIENCY. Upon an issue as to the cost of a proposed building, the plans and specifications for which had been lost, it is competent, after showing in a general way the character, size, design and details of the house intended to be built, to ask expert contractors to state the probable cost of its construction, where the hypothetical questions included substantially all the details of construction and the adverse party had an opportunity to call attention to any detail omitted.

DAMAGES—ATTORNEY'S FEES—VALUE—EVIDENCE—SUFFICIENCY. In an action for damages including a sum paid for attorney's services,

[1]Reported in 98 Pac. 667.

that the attorney had defended a former action for the plaintiff, and that plaintiff had paid him $100 for such services, is sufficient evidence of the value of the services to warrant the submission thereof to the jury.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered May 25, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained by a vendee through false representations in a sale of real estate.   Affirmed.

*William E. Richardson* and *P. C. Shine*, for appellant.

*E. O. Connor*, for respondent.

CROW, J.—This action has heretofore been before this court.   A statement of the case and issues may be found in our former opinion, 46 Wash. 50, 89 Pac. 180.   On a second trial a verdict and judgment were entered in favor of the plaintiff, Isaac N. Curtley, and the defendant, Security Savings. Society, has appealed.

The appellant first contends that the trial court erred in overruling its objection to certain hypothetical questions propounded to two expert witnesses who testified on behalf of the respondent.   It was shown by evidence of the respondent that the plans and specifications for the building, which was to have been erected for him by the Cook-Clarke Company, had been lost and could not be produced at the trial.   Thereupon respondent drew a rough sketch of the floor plans, and testified in a general way to the character, size, and design of the house intended to be built, giving the details as well as he could recall the same.   He then called two contractors and builders as expert witnesses, and after showing them the sketch and stating in hypothetical questions the character of the house to be built, asked them to state the probable cost of its construction in labor and materials, exclusive of any profit to the contractor.   To this the appellant objected, contending that enough facts as to the

plans and construction were not stated in respondent's testimony or included in the hypothetical questions to enable the experts to form or express an intelligent opinion. No prejudicial error was committed in overruling this objection. The hypothetical questions substantially included all the details of the proposed construction as given by the respondent. The appellant had an opportunity for calling the attention of the court and counsel to any detail omitted, and was afterwards permitted to conduct a thorough cross-examination. While it might have been much more satisfactory to have presented the original plans and specifications to the experts, it was impossible to do so. The best evidence available was introduced for the purpose of proving the damages sustained by the Cook-Clarke Company, which respondent had been compelled to pay. This being so, we think appellant's objection to the hypothetical questions and to the evidence given by the experts was properly overruled, as any objection that might properly be made to their evidence affected its weight rather than its admissibility.

In *O'Keefe v. St. Francis' Church*, 59 Conn. 551, 22 Atl. 325, one Darling, an expert witness, was permitted over objection to testify what it was worth to build a certain church, and the supreme court of errors, in passing upon the admissibility of his testimony, said:

"Mr. Darling was a practical builder of experience and had examined the church in question, although refused admission to the interior. We cannot say that it was error to receive this evidence. The witness was competent to speak so far as his observation extended, and his evidence may have been of some value."

The respondent testified that he had paid his attorney the sum of $100 for defending the former action for damages prosecuted against him by the Cook-Clarke Company, but no other or further evidence was given as to the value of such services by either party. The appellant now contends that, in the absence of proof of value, the trial court erred

in submitting to the jury the question of such attorney's
fees as an element of damages. It was shown that the action
had been defended by the attorney on behalf of respondent,
and that the fee had been paid. We think this was sufficient
to authorize the court to submit to the jury the question
as to what sum, if any, the respondent was entitled to re-
cover as damages for attorney's fees paid.

All other assignments of error presented by the appellant
were concluded against it by our former opinion, which has
become the law of this case. The pleadings and proceedings
show that the controlling issues, being questions of fact,
were properly submitted to the jury, and that their verdict
resolved those issues in favor of the respondent. The judg-
ment is affirmed.

HADLEY, C. J., MOUNT, and DUNBAR, JJ., concur.