CHICAGO, ST. PAUL & KANSAS CITY RY. CO. *vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Submitted on briefs Jan. 18, 1894.  Affirmed Feb. 1, 1894.

No. 8527.

**Verdict sustained by the evidence.**

Evidence in this case *held* sufficient to sustain the verdict of the jury.

Appeal by defendant, the Chicago, Milwaukee and St. Paul Railway Company, from an order of the District Court of Ramsey County, *Hascal R. Brill,* J., made August 23, 1893, denying its motion for a new trial.

On October 29, 1891, at four o'clock in the morning, a collision occurred at the grade crossing in Taopi, Mower County, between the north bound passenger train of the Chicago, St. Paul and Kansas City Railway Company and the west bound freight train of the defendant. The damage to plaintiff's train was $1,619.76 and to defendant's, $2,093.77. There was a contract between the two corporations as to right of way at this crossing as follows:

"In the passage of the respective trains of the parties hereto over the aforesaid crossing, if passenger trains of each of said parties arrive at said crossing simultaneously, the passenger trains of the party of the first part, the Chicago, Milwaukee and St. Paul Railway Company, shall have preference in passing over said crossing, over the passenger trains of the party of the second part, the Chicago, St. Paul and Kansas City Railway Company. In like manner, freight trains of the party of the first part shall have preference over freight trains of the party of the second part; but in all cases, passenger trains shall have preference over freight trains."

Each party contended that the collision was caused by the fault and negligence of the servants of the other, and this action was brought to determine the contention. The jury found for the plaintiff, the Chicago, St. Paul and Kansas City Railway Company. Defendant appeals. The discussion here was mainly on the facts.

*W. H. Norris* and *F. W. Root,* for appellant.

Without regard to any question of the negligence of the defendant, the negligence of the plaintiff was conclusively established by

its own testimony. The uncontroverted facts of the case showed contributory negligence on the part of the plaintiff. The court, as a matter of law, should have held that the plaintiff could not recover. *Donaldson* v. *Milwaukee & St. P. Ry. Co.*, 21 Minn. 293; *Brown* v. *Milwaukee & St. P. Ry. Co.*, 22 Minn. 165; *Smith* v. *Minneapolis & St. L. Ry. Co.*, 26 Minn. 419; *Pratt* v. *Chicago, M. & St. P. Ry. Co.*, 38 Minn. 455.

No care was exercised by the plaintiff's train-men to ascertain whether there was an approaching train upon the defendant's track. Plaintiff's engineer gave one look over toward the east, but saw no train, yet it was open country for a mile or more. He sat looking straight ahead and never saw the defendant's train until the crash came. He did not have to look for trains coming from the west, that was the fireman's duty. It was urged that he was watching switches in the Taopi yard and the order board at the depot. But these ought not to have engrossed his attention. He should have looked to the east as well.

Although there is no direct evidence contradicting the testimony of the engineer, that he looked when at his stopping board, yet such testimony need not be accepted as true when it contains inherent improbabilities or furnishes reasonable ground for concluding that it is not true. *Hawkins* v. *Sauby*, 48 Minn. 69; *Anderson* v. *Liljengren*, 50 Minn. 3; *Hauser* v. *Central R. Co.*, 147 Pa. St. 440; *Myers* v. *Baltimore & O. R. Co.*, 150 Pa. St. 386; *Lang* v. *Ferrant*, 55 Minn. 415. The plaintiff's engineer was required to continue to use his senses to detect the approach of a train on defendant's road so long as his train was in a place of danger. *Rogstad* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 208; *Pratt* v. *Chicago, M. & St. P. Ry. Co.*, 38 Minn. 455; *Kansas City, Ft. S. & M. R. Co.* v. *Stoner*, 51 Fed. Rep. 649.

*Dan. W. Lawler*, for respondent.

The defendant's train did not come to a stop at the stopping place or at any point within sixty rods of the crossing. The defendant's train was not properly equipped and manned to be under control when going at a high rate of speed. Plaintiff's train held the right of way. It was justified in managing its train on the pre-

sumption that any train approaching the crossing on the defendant's road would observe the contract and the usual precautions, and was not bound to anticipate acts of negligence on the part of defendant. *Loucks* v. *Chicago, M. & St. P. Ry. Co.*, 31 Minn. 526.

The jury acquitted plaintiff of contributory negligence. If, on a conceded state of facts, reasonable men would differ, the question must be submitted to the jury and their verdict will be conclusive. *Abbett* v. *Chicago, M. & St. P. Ry. Co.*, 30 Minn. 482; *Hutchinson* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 398; *Bennett* v. *Syndicate Ins. Co.*, 39 Minn. 254; *Witherell* v. *Milwaukee & St. P. Ry. Co.*, 24 Minn. 410; *Craver* v. *Christian*, 34 Minn. 397; *Gardner* v. *Michigan Cent. R. Co.*, 150 U. S. 349.

We have not dwelt on the crossing contract for the reason that the testimony shows that the plaintiff's train had stopped at its stop-board and started, after giving the proper signals, before the defendant's train had come to its stop board or to the depot, and because it is clearly shown that the defendant's train did not stop at all.

BUCK, J. This is a controversy between two railway companies, and the suit seems to be in the nature of a double action, each seeking to recover damages against the other; the plaintiff demanding judgment against the defendant for the sum of $1,619.76 and interest as damages, and the defendant demanding judgment against the plaintiff for $2,093.77 and interest as damages. The amount of damages is not contested.

It is the right of each party to recover at all that is in controversy.

The lines of the respective parties cross each other at right angles between the stations called Taopi and Adams, in this state. The plaintiff alleges in its complaint "that on the 29th day of October, A. D. 1891, a passenger train of said plaintiff, under the care and control of its servants and agents, was passing over the said crossing, in a northerly direction, and the said agents and servants of said plaintiff in charge and control of said train were exercising due care and control of said train when the defendant negligently and carelessly ran its certain freight train into and upon said passenger train of plaintiff, which was then and there lawfully and right-

fully upon said crossing, so that the two trains collided, and thereby wrecked and greatly damaged the engine and baggage car belonging to and attached to the train of said plaintiff, and tore up and damaged the track, and roadbed of said plaintiff; that the collision of said trains was caused solely by the carelessness and negligence of the defendant and its employés, agents, and servants."

In its answer the defendant denies these allegations of the plaintiff, and, in substantially the same language, alleges a counterclaim against plaintiff, charging that while defendant's freight train was passing over said crossing the plaintiff negligently and carelessly ran its passenger train into and upon said freight train of the defendant, and caused the damage and injury of which it complains. Upon the trial the plaintiff recovered a verdict against the defendant for the sum of $1,780.38.

There are no material or difficult questions of law in the case.

That there was gross negligence on the part of the plaintiff or defendant is very evident, and such negligence resulted, not only in damage to the property of each party, but in the death of an employé of defendant and that of a young man who was riding on the plaintiff's car, although not a passenger.

At the time of the collision of the trains there existed a contract between the parties, whereby it was agreed that, in using the crossing where the two trains collided, the passenger trains of each party should have preference over the freight trains of the other party. The collision was between the passenger train of the plaintiff and the freight train of the defendant. The evidence related principally to the management of the respective trains, and in many respects it was contradictory. There is no ground for the contention of the appellant that the verdict is not sustained by the evidence. A careful examination of it leads to the opinion that the verdict was fully warranted by the evidence. And reading the evidence in connection with the charge of the court, and its refusal to give certain requests asked by the defendant, we find no errors of law.

The order denying the motion for a new trial is affirmed.

(Opinion published 57 N. W. Rep. 943.)