BARNEY THOMPSON v. CHICAGO, ST. PAUL & KANSAS CITY RAIL-
WAY COMPANY and Others.[1]

February 7, 1896.

Nos. 9659—(246).

**Personal Injury—Contributory Negligence—Instructions.**

In an action brought by a locomotive fireman to recover for personal
injuries received in a collision between trains at a railway crossing, there
was evidence which would have warranted the jury in finding that plain-
tiff was guilty of contributory negligence. *Held*, that a portion of the
charge to the jury was erroneous, because it allowed the plaintiff to be
excused from the consequences of his own negligence directly contributing
to the injuries received.

Action in the district court for Mower county. The jury ren-
dered a verdict in favor of plaintiff and against defendant Chicago,
St. Paul & Kansas City Railway Company for $8,000. From an or-
der, Whytock, J., denying a motion for a new trial on condition that
plaintiff consent to a reduction of the verdict to $6,000, which con-
dition plaintiff accepted, said defendant appealed. Reversed.

*Dan. W. Lawler* and *French & Wright*, for appellant.

*John A. Lovely* and *S. D. Catherwood*, for respondent.

COLLINS, J. Action to recover for personal injuries received in
a collision between a passenger train operated by defendant Chica-
go, St. Paul & Kansas City Railway Company and a freight oper-
ated by defendant Chicago, Milwaukee & St. Paul Railway Com-
pany, being the same collision in controversy in an action between
these corporations considered by this court and reported in 56 Minn.
406, 57 N. W. 943. This plaintiff was fireman on the freight loco-
motive at the time of the disaster. The verdict in his favor was
solely against the Kansas City road, and it appeals from an order
denying a new trial if the plaintiff should consent to a certain re-
duction of the verdict, which he has done.

As we regard the case, but one point needs consideration, and
that relates to a part of the charge given by the court and duly ex-
cepted to by appellant's counsel. There was evidence presented

[1] Reported in 66 N. W. 265.

from which the jury might have found that plaintiff himself was guilty of such negligence as would prevent a recovery, by failing to watch for the coming of a train on appellant's road as his own train approached the crossing. But, notwithstanding this, the court charged, at the request of plaintiff's counsel, that, "even if the jury find that the plaintiff, Thompson, should, under the circumstances, have continued to watch the train of the Kansas City road, and was wanting in care in that respect, yet his contributory negligence would not exculpate the Kansas City Company, and disentitle him, the plaintiff, from recovery of said company, if it be shown that such defendant, the Kansas City Company, might, by the exercise of reasonable care and prudence on the part of its engineer, after passing the stop board on its road, have avoided, by such exercise of ordinary care, the consequence of the plaintiff's negligence." The court then, of its own motion, added, "That is, notwithstanding if the plaintiff himself was somewhat negligent, which perhaps would have contributed towards the accident, and the Kansas City Company did not exercise reasonable care to avoid the accident, and that thereby they produced the injury, it wouldn't necessarily exonerate them from the charge of negligence." And when appellant's counsel took an exception to the giving of plaintiff's request, and also to the addition made, the court then stated, "I gave it in this manner, or intended to: If they were guilty of negligence, although he was guilty of contributory negligence, and they might have avoided the act which produced the injury, plaintiff would be entitled to recover."

These statements of the law, as formulated in plaintiff's request, in the addition made by the court, and again in its explanatory remark, were erroneous. By them the jury were instructed, in substance, that if by the exercise of ordinary care the engineer in charge of the locomotive drawing the passenger train could have avoided the collision, plaintiff could recover, although himself guilty of contributory negligence. These instructions allowed the jury to excuse the plaintiff from the consequences of his own negligence, and wholly eliminated from the case a proper consideration of the evidence tending to fasten upon him the charge of contributory negligence. Under such instructions, the engineer of the passenger train, who, from his position on the east side of the cab, was ex-

pected to notice any train approaching the crossing on that side, as well as this plaintiff, who, as fireman, was on the south side of his cab, and was required to look out for and guard against collisions with trains coming to the crossing from the south, might easily obtain verdicts,—the engineer against the Milwaukee Company, and plaintiff against this appellant,—although one; or both, of these men were guilty of very great negligence, and directly responsible for the accident.

The instructions were erroneous because not applicable to the facts. There was no evidence which in the least tended to show that the alleged act of negligence on the part of appellant's engineer, in failing to notice the freight train, was intentional, or that he knew that it was anywhere in the vicinity of the crossing. He testified that the locomotive carried no headlight, and we can readily believe that he told the truth when he stated upon the witness stand that he did not hear the train, or see it, or know of its proximity, until the crash came.

The doctrine laid down in the instructions in question is applied only where the dangerous position and perilous situation of the party injured, arising from his own negligence, is known to a defendant, and the consequences of such negligence could have been averted by the exercise of due care and caution. In cases where from the facts it appears that a defendant knew of a plaintiff's peril, and had either time or opportunity, by the exercise of any degree of care, to guard against it, and to avoid the infliction of an injury, this doctrine is applied because, under such facts, it is said that the defendant's negligence was the proximate, direct, and efficient cause of the injury. Such was the case largely relied upon by plaintiff's counsel. Inland & S. C. Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653.

Order reversed.