## THE INTERNATIONAL CEMENT COMPANY

*v.*

## MORRIS BEIFELD.

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. CONTRACTS—*provision of a building contract requiring architect's certificate must be complied with.* Where a building contract provides that in case of the contractor's failure to do the work required, the other party, upon a certificate by the architect of such failure, shall be at liberty to terminate the employment and complete the contract, charging the expense to the contractor, the architect's certificate must be obtained to authorize the other party to act.

2. SAME—*when a claim against insolvent contractor's estate cannot be sustained.* Where a building contract provides that upon a certificate by the architect of the contractor's default the other party may complete the contract and that the expenses thus incurred shall be audited and certified by the architect, whose certificate shall be conclusive, a claim by the other party for completing the contract cannot be allowed against the insolvent contractor's estate without the production of the architect's certificate.

*International Cement Co.* v. *Beifeld,* 67 Ill. App. 110, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

This is an appeal from a judgment of the county court, allowing a claim of $3272.00 against the assets in the hands of William Spinks, assignee of Clyde D. Armstrong in a voluntary assignment proceeding. The judgment of the county court has been affirmed by the Appellate Court, where it was taken by writ of error. The present appeal is prosecuted from such judgment of affirmance, entered by the Appellate Court.

The appellee, Beifeld, filed a claim against the insolvent estate of Armstrong for $5691.88. Exceptions were filed to the claim by the appellant, the International Cement Company, another creditor of the estate. The county court proceeded to hear the proofs and allegations

of the parties, and allowed a trial by jury thereon. The jury considered the case under instructions from the county court, and returned a verdict of $3272.00, upon which verdict, after overruling a motion for new trial, judgment was entered. The contest is between appellant and appellee, who are both creditors of the estate.

The facts, out of which the claim of appellee arises, may be stated as follows: On July 30, 1894, the appellee made a contract with Felix & Marston for the construction of a warehouse in the city of Chicago. On August 6, 1894, the insolvent, Armstrong, and the appellee made a contract, by the terms of which Armstrong agreed to do the mason work on said warehouse. Armstrong failed to fulfill his contract according to the terms thereof, and the claim of the appellee is based upon the said contract.

The statement of appellee's claim, as presented under oath to the assignee, sets forth that the contract price for the work, including labor and materials, was $14,-000.00; that the work was to be completed by October 1, 1894, and Armstrong to pay $20.00 a day as liquidated damages for each day's delay in completion beyond that time; that appellee furnished Armstrong, as part of said contract, materials to the value of $1549.75, which were applied in reduction of the sum to be paid Armstrong for the work under the contract; that, immediately before the assignment by Armstrong which was made on September 10, 1894, he ceased doing work under the contract, and appellee, in accordance with the terms thereof, served notices therein required, and proceeded to do said mason work; that the appellee supplied materials in the completion of said contract for mason work, for which there is due him $8332.16; that he furnished labor to complete the same, and paid therefor $8629.48, claimed to be due him; that appellee also expended in and about said work for materials, labor, etc., $630.49, which is also due him; that, under said contract, there is due appellee, on account of liquidated damages by reason of failure to com-

plete the work in time, $1200.00; that extra work was done by Armstrong amounting to about $650.00; that the amount coming to Armstrong under the contract and for extra work was $14,650.00; that the several amounts due appellee under the contract, as above set forth, added together, make $20,341.88; and that deducting from the latter amount $14,650.00 there is due appellee a balance of $5691.88.

In the course of the proceedings, rules were made upon the appellee to file bills of particulars. In answer to one of said rules, he filed a copy of said contract, dated August 6, 1894. The twelfth clause of the contract between the appellee and Armstrong is as follows: "Should the party of the first part at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements on his part herein contained, such refusal, neglect or failure being certified by the architect, the party of the second part (Beifeld) shall be at liberty, after three days' written notice to the party of the first part, to provide any such labor or materials, and to deduct the cost thereof from any money, then due or thereafter to become due to the party of the first part under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the party of the second part shall also be at liberty to terminate the employment of the party of the first part for the said work, and to enter upon the premises, and take possession of all materials thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and, in case of such discontinuance of the employment of the party of the first part, he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be

paid under this contract shall exceed the expense incurred by the party of the second part in finishing the work, such excess shall be paid by the party of the second part to the party of the first part, but if such expense shall exceed such unpaid balance the party of the first part shall pay the difference to the party of the second part. The expense incurred by the party of the second part, as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect; whose certificate thereof shall be conclusive upon the parties."

Among the exceptions filed by the appellant to the claim of the appellee in the county court was an exception, denying that Armstrong ceased doing any work under the contract, or that he neglected the contract, or permitted the same to go unfinished, or that he violated the contract in any respect; and averring, that it was unnecessary for the appellee to buy materials and employ labor to complete said contract to the amount set forth in his claim, and that, if such amount was so expended, it was done without Armstrong's authority, and as a volunteer by appellee. A further exception was filed to appellee's claim for $1200.00 upon the alleged ground, that the delay in completing the work was appellee's fault, and not the fault of Armstrong.

DAVID S. GEER, (EDWARD ROBY, of counsel,) for appellant.

MAX PAM, and MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Upon the trial of the case in the county court, the witnesses for appellee testified to the expense incurred for furnishing materials and for finishing the work, and

to the damages incurred through the alleged default of the insolvent, without producing the certificate of the architect or explaining its absence. The appellant moved to exclude such testimony, but the same was received over his objection.  Again, at the close of the testimony for the claimant, the appellant moved the court to exclude the evidence, and direct a verdict disallowing the claim, for the reason that the expense incurred by the appellee for furnishing materials, and finishing the work under the contract, had not been certified by the architect.  This motion was denied by the court, and exception thereto was preserved.  Again, nine instructions were given for the claimant below, the appellee here, all of which presented the case to the jury without referring in any way to the necessity for the production of the architect's certificate.  The action of the trial court in the respect thus indicated is assigned as error, and is the only one of the errors assigned, which we deem it necessary to notice.

When a building contract provides, that the work shall be completed to the satisfaction of the architect who superintends it, and shall be paid for upon the production of his certificate approving the work and valuing the amount done, such provision is valid; and the approval of the architect must in such case be obtained, before compensation can be recovered.  In an action for the price of the work done or materials furnished under the contract, the fact of the architect's approval must be averred and proved.  Where a certificate of such approval by the architect is called for by the contract, the production of such certificate is, as a general rule, a condition precedent to the right of the contractor to recover compensation, unless its production is waived, or is shown to be withheld by fraud or collusion.  The want of the certificate is a good defense in an action by the contractor upon the contract, and, in order to justify a recovery, it must be averred and proven, that the condition, requiring

the certificate, has been complied with, or a sufficient excuse must be shown for not doing so. (29 Am. & Eng. Ency. of Law, pp. 926-931). In *Michaelis* v. *Wolf*, 136 Ill. 68, we held, that, where, in a building contract, provision is made for the payment of the price, or a portion or portions of such price, upon the certificate or certificates of the architect in charge of the construction of the building, the obtaining or presentation of such certificate or certificates is a condition precedent to the right to recover payment, and such condition must be strictly complied with, or else a good and sufficient excuse shown. Again in *Gilmore* v. *Courtney*, 158 Ill. 432, we said that, the failure by the contractor to apply to the architect for a certificate being a condition precedent, the contractor has no right to assume, that the architect would refuse to act, or in acting would do so fraudulently.

Clause 12 of the contract provides, that Beifeld shall have the right to terminate the employment of Armstrong for the work, and to enter upon the premises, and take possession of all materials thereon, and to employ other persons to finish the work, and to provide the materials therefor, if the architect shall certify that the refusal, neglect or failure of Armstrong to furnish the work and materials required by the contract, or to prosecute the work promptly, or to perform any of the agreements therein contained, is a sufficient ground for such action on the part of Beifeld. That is to say, the right of Beifeld to take possession and himself finish the work is conditioned upon the certification of the architect, that Armstrong's default is such as justified Beifeld in so doing. Where a contract provides that, in case of the failure of the contractor to do any of the work required, the other party shall, upon a certificate by the architect of such refusal or neglect, be at liberty to terminate the employment, and furnish the labor and materials necessary to complete the contract, and charge the expense to the plaintiff, the requirement, that the architect shall

thus certify to the contractor's failure, must be complied with. (*O'Keefe* v. *St. Francis Church*, 59 Conn. 551; 29 Am. & Eng. Ency. of Law, p. 957, note 4.) In the case at bar, no proof was introduced to show that the architect certified to such a default on the part of Armstrong. And the instructions given to the jury proceed upon the theory, that the production of such a certificate is unnecessary. We think that this was error.

Clause 12 also provides that, in case Beifeld takes possession and completes the work himself, the expense incurred by him shall be audited and certified by the architect, and that the architect's certificate thereof shall be conclusive upon the parties. In view of this provision in clause 12 of the contract, an action for the breach of the contract, and for the expenses of labor and materials thereunder, cannot be maintained without such certificate of the architect; and a failure to present such certificate, or offer any explanation for not doing so, gives rise to the presumption that the claimant was not entitled to such certificate. (*Coey* v. *Lehman*, 79 Ill. 173; *Gilmore* v. *Courtney*, *supra*.) Here, the architect's certificate as to the amount of damage for delay and default and for the expenses of labor and materials was not produced, and the objection of the appellant to the testimony on account of its nonproduction was overruled. We regard this as error.

Counsel for appellee, however, take the position, that Armstrong abandoned the contract, and that, by reason of such abandonment, the appellee was entitled to damages for a breach of the contract without producing the architect's certificate. In other words, it is contended that the claim here made is not upon the contract, but is for damages independently of the contract. This contention, however, cannot be maintained. The appellee's claim for the amount due him is presented under section 5 of the Voluntary Assignment act. That section provides for filing exceptions to the claim of a creditor, and further provides that the county court shall proceed

to hear the proofs and allegations of the parties in the premises, and shall render such judgment thereon as shall be just, and that the court may allow a trial by jury thereon.    (1 Starr & Curtis, p. 1305.)    It is true, that no formal declaration is required under said section 5.    But, here, the statement of his claim as made by appellee is based wholly upon the contract.    When called upon to file a further bill of particulars, he filed the contract itself as a part of his bill of particulars.    One of the items, going to make up his claim, is an item of $1200.00 as liquidated damages for delay in the completion of the contract.    There is no provision for liquidated damages outside of the contract itself.    The mode adopted by appellee for establishing the amount due him is in accordance with the terms of the contract.    The amount, which he claims to be due, is the excess of the expense incurred by him in finishing the work over and above the unpaid balance of the amount to be paid Armstrong under the contract.    This mode of establishing the amount due him is precisely in accordance with the terms of clause 12 of the contract.    The instructions given for appellee recognize the right of Beifeld, the appellee, to carry out the contract, and require the jury to find from the evidence whether or not Beifeld completed the contract.    Thus, it conclusively appears that the case was tried upon the theory, that the appellee was entitled to such damages as were provided for by the contract, and not damages outside of the contract.

For the errors thus indicated, the judgments of the Appellate and county courts are reversed, and the case is remanded to the county court for further proceedings in accordance with the views here expressed.

*Reversed and remanded.*