## New Telephone Company v. Foley.

[No. 3,569. Filed February 26, 1902.]

CONTRACTS.—*Enforcement.—Condition Precedent.—Complaint.*—A provision in a contract for the repair of a street that the price agreed to be paid is to be determined from the actual measurement of the work as determined by the measurement of the city engineer is as binding upon the parties as any other part thereof, and it devolves upon the plaintiff, before he can recover thereon, to show a measurement by the person named in the contract, or a reason for the omission. *pp. 418-420.*

SAME.—*Condition Precedent.—Pleading.*—An excuse for the non-performance of a condition precedent in a contract must be pleaded in an action to enforce the contract, and cannot be proved under the general averment of performance. *p. 420.*

From Marion Superior Court; *Vinson Carter*, Judge.

Action by Daniel Foley against the New Telephone Company on a contract for the repair of a street. From a judgment for plaintiff, defendant appeals. *Reversed.*

*L. C. Walker* and *S. K. Ruick*, for appellant.

*J. E. Bell, R. O. Hawkins* and *H. E. Smith*, for appellee.

ROBY, J.—This action is founded upon a contract in terms as follows: "Indianapolis, Ind., July 14th, 1898. We, the undersigned, agree to pay Daniel Foley $3.25 per square yard for repairing Pearl street from the intersection of Pearl and Alabama streets, at the beginning of the wing

of Alabama street, to the wing of New Jersey street. The price hereby agreed to be paid, is to be determined from the actual measurement of trench in said Pearl street, as determined by the measurement by the city engineer. New Telephone Co. H. B. Gates, Sec'y."

The court made special findings of fact and stated conclusions of law thereon, and rendered judgment against appellant for $409. The controversy arises in regard to the provision of the contract relating to measurement by the city engineer. This provision was a part of the contract. It is as equally binding upon the parties as any part thereof. Having by the contract fixed the manner by which the amount due should be ascertained, it devolved upon the plaintiff, before he could recover, to show a measurement by the person named in the contract, or a reason for the omission. *United States* v. *Robeson*, 9 Pet. 319, 9 L. Ed. 142; *Supreme Council* v. *Forsinger*, 125 Ind. 52, 54, 9 L. R. A. 501, 21 Am. St. 196; *Hamilton* v. *Liverpool, etc., Ins. Co.*, 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419; *Baltimore, etc., R. Co.* v. *Scholes*, 14 Ind. App. 524, 528, 56 Am. St. 307; *Bird* v. *St. John's Church*, 154 Ind. 138, 152; *Packard* v. *VanSchoick*, 58 Ill. 79, 82; *Holmes* v. *Richet*, 56 Cal. 307, 38 Am. Rep. 54; *Wilson* v. *New York, etc., R. Co.*, 11 G. & J. (Md.) 58; *Ball* v. *Doud*, 26 Ore. 14, 37 Pac. 70; *Franklin* v. *Schultz*, 23 Mont. 165, 57 Pac. 1037; *Veazie* v. *City of Bangor*, 51 Me. 509; *Board, etc.*, v. *Newlin*, 132 Ind. 27, 31; *McCoy* v. *Able*, 131 Ind. 417, 423.

The complaint which was in one paragraph, contained an averment as follows: "That said plaintiff did all things required of him by said written agreement". Section 373 Burns 1901, is as follows: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial". An excuse for non-performance must be pleaded, and can not be

proved under the general averment of performance. *Home Ins. Co.* v. *Duke*, 43 Ind. 418; *Bird* v. *St. John's Church, supra*, p. 152.

The measurement stipulated for was to be made by a third person, an agent, while so doing, of both parties, and in no way subject to the direction of the appellee. It may be literally true that appellee did all that was required of him, without any measurement having been made by the engineer. The statute makes the general averment of performance sufficient as to conditions to be observed by appellee, but it has no application to the facts here. It devolved upon the appellee to aver and prove that the amount of work done had been measured as provided by the contract, or to aver and prove a reason why it had not been measured. Neither of such averments was made and the complaint did not therefore state a cause of action. *Johnson* v. *Howard*, 20 Minn. 370; *Butler* v. *Tucker*, 24 Wend. 447; *Barton* v. *Hermann*, 11 Abb. Prac. (N. S.) 378; *Delaware, etc., Co.* v. *Pennsylvania Coal Co.*, 50 N. Y. 250; *Schencke* v. *Rowell*, 3 Abb. N. C. 42; *Grafton* v. *Railway Co.*, 22 Eng. Law & Eq. 557.

Judgment reversed, and cause remanded with instructions to sustain demurrer to the complaint, and for further proceedings not inconsistent herewith.