## WHITE v. MITCHELL ET AL.

[No. 4,238.    Filed January 15, 1903.]

CONTRACTS. — *Forfeiture.* — *Condition Precedent.* — *Building Contract.* — Where a building contract makes the certificate of the architect that the contractor is not complying with the contract a condition precedent to the right of the owner to terminate the employment, the condition must be strictly complied with.    *pp. 343-345.*

SAME. — *Condition Precedent.* — *Pleading.* — Where the parties to a building contract have made the certificate of the architect a condition precedent to the assertion of a right thereunder, the party claiming such right must show the performance of the condition, a reason for noncompliance therewith, or a waiver thereof.    *p. 345.*

PLEADING. — *Evidence.* — *Condition Precedent.* — An excuse for the nonperformance of a condition precedent can not be proved under the averment of performance.    *p. 345.*

SAME. — *Condition Precedent.* — In an action by the owner against the contractor to recover the difference between the contract price of the construction of a building and the actual amount expended by the owner for its completion, after an attempted termination of the contract by the owner, an averment "that the plaintiff has done and performed all the agreements, provisions, and stipulations to be by him done and performed by the terms of said contract and bond, in time and manner as in said contract provided" is not equivalent to an averment of the performance of the conditions precedent.    *pp. 345, 346.*

CONTRACTS. — *Termination.* — *Condition Precedent.* — *Certificate of Architect.* — Where a building contract provides that on failure of the contractor to comply with the terms of the contract the owner may, upon a certificate of the architect that such refusal, neglect, or failure is sufficient ground for such action, terminate the contract and enter upon the premises and complete the work, a certificate of the architect that the work was not being properly performed, and that the owner might take such action as he deemed best, was not sufficient to authorize a termination of the contract.    *pp. 346, 347.*

From Vigo Circuit Court; *F. A. McNutt,* Special Judge.

Action by William H. White against Charles W. Mitchell and others on a building contract. From a judgment for defendants, plaintiff appeals. *Affirmed.*

White *v.* Mitchell.

*J. O. Piety,* and *Sawyer & Mullikin,* for appellant.

*S. B. Davis, S. M. Reynolds, G. M. Davis, A. M. Higgins* and *A. G. Cavins,* for appellees.

Roby, C. J.—Separate demurrers by appellees were sustained to appellant's amended complaint, and he appeals from a judgment rendered against him upon his refusal to plead further.

The correctness of the result depends upon the construction given to article five of the written contract alleged to have been executed by the parties, and of a certificate given by the architect therein referred to, under which the appellant claims to have terminated the employment of the contractor (appellee Mitchell), and to have finished the work himself, bringing this suit against said contractor and his surety, seeking thereby to recover the difference between the contract price and the actual cost of construction as shown by the second certificate of the architect, and in addition thereto a further sum of $5 per day as liquidated damages for each and every day the building remained incomplete after the time fixed for its completion.

The suit is not brought generally to recover damages suffered on account of an alleged breach of contract, but depends upon the stipulations of the written contract. It is averred in the pleading that the contractor, prior to the making of the architect's certificate, hereafter set out, had failed to comply with his agreement in five separate and important particulars, specified, and that he had failed and refused to remedy the deficiencies alleged, although notified thereof by the architect. The contract, a copy of which is filed with the pleading, said to be that adopted and recommended for general use by the American Institute of Architects, and the National Association of Builders. Article five thereof is as follows: "Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with

promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect, or failure being certified by the architects, the owner shall be at liberty, after two days' written notice to the contractor, to provide any such labor or material, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architects shall certify that such refusal, neglect, or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work, and to enter upon the premises and take possession, for the purpose of completing the work comprehended under this contract, of all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner, as herein provided, either for furnishing materials or finishing the work, and any damages incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

The certificate relied upon as authorizing the termination of the contract in accordance with the provisions of the article quoted was as follows: "Terre Haute, Ind., April 12, 1899. Mr. W. H. White, Terre Haute, Ind. Dear Sir:—You are hereby notified that upon examination and inspection of the brickwork, ironwork and woodwork done, being done and performed by Charles W. Mitchell under

White v. Mitchell.

your contract with him under date of the 12th day of January, 1899, for the construction of a brick building on your premises located on the northwest corner of Fifth street and Wabash avenue, in the city of Terre Haute, Indiana, is defective, and is not being done in accordance with the plans and specifications prepared by me and adopted by you for the construction of such building; and, further, that said contractor, after being duly notified in accordance with the terms in said contract, has wholly failed and refused to remedy or make good such defective work, and you are hereby notified to take such action as you deem best. Respectfully, [Signed] J. G. Vrydach, architect."

The contract makes the certificate of the architect a condition precedent to the right of the owner to terminate the employment. Forfeitures are not favored, and the condition must be strictly complied with in order to justify the drastic action contemplated. *International Cement Co.* v. *Beifeld,* 173 Ill. 179, 50 N. E. 716; *O'Keefe* v. *Corporation of St. Francis' Church,* 59 Conn. 551, 22 Atl. 324.

Where the parties to a building contract have made the certificate of the architect a condition precedent to the assertion of a right thereunder, the party claiming such right must show the performance of the condition a reason for noncompliance therewith, or a waiver thereof. *New Telephone Co.* v. *Foley,* 28 Ind. App. 418; *Hanley* v. *Walker,* 79 Mich. 607, 45 N. W. 57, 8 L. R. A. 207; *Arnold* v. *Bournique,* 144 Ill. 132, 33 N. E. 530, 36 Am. St. 419, 20 L. R. A. 493; *International Cement Co.* v. *Beifeld, supra.*

The complaint proceeds upon the theory of the performance of the condition; an excuse for its nonperformance, if relied upon, should have been pleaded, and can not be proved under the averment of performance. *New Telephone Co.* v. *Foley, supra; Evans* v. *Queen Ins. Co.,* 5 Ind. App. 198.

The complaint concludes with the averment "that the plaintiff has done and performed all the agreements, provisions, and stipulations to be by him done and performed

by the terms of said contract and bond in time and manner as in said contract provided." This is not equivalent to an averment of the performance of the conditions subsequent. *New Telephone Co.* v. *Foley, supra.* If it were, the specific averments relative to the manner of such performance would control the general one. *Frain* v. *Burgett,* 152 Ind. 55.

The condition precedent to the right claimed is that "the architect shall certify that such refusal, neglect, or failure is sufficient ground for such action." The statement of this fact is one which the architect, by reason of his profession, ought to be peculiarly qualified to make. He is selected by the parties for the purpose, among other things, of making it. He is, presumably, paid for his services, and under the allegation that the condition has been performed, no reason is known why anything less than a clear, explicit, and direct statement of the fact should be sanctioned. It may be that in some instances the courts could readily infer that the conditions stated were sufficient to authorize him in certifying the fact; in some other instances they might be regarded as insufficient; and in both cases other circumstances and facts not stated, and not susceptible of a statement, might be of controlling importance. The question for the court is not what ought the architect to have done, but what did he do? There is no dispute over the fact that he did not certify that the defects stated were sufficient to justify the termination of the employment. He did certify that the work being done was defective, and not in accordance with the plans and specifications; that the contractor, after being notified thereof, had failed and refused to remedy or make good such defective work; and he then said to the owner by such certificate: "You are hereby notified to take such action as you deem best."

In *Charlton* v. *Scoville,* 144 N. Y. 691, the architect gave to the owner "a certificate in writing that the carpenter work was not being done in accordance with the plans and

specifications, and that the plaintiffs had employed incompetent and unskilful workmen to do the work, and had used unseasoned hemlock for joists and sheathing, and upon the above-mentioned grounds he advised the defendant to protect his interests as provided for in part twelve of the contract." The clause referred to being identical with the article under consideration. The New York court said: "There is no evidence or pretense that the architect had ever given the prior certificate as to the character of the refusal or neglect of the plaintiffs which was necessary in order to permit the defendants to proceed thereafter in accordance with the terms of the contract and terminate the plaintiffs' employment and themselves go on with and fulfil the provisions of such contract."

It is not believed that any different conclusion can be logically or reasonably drawn from the facts stated which are substantially the facts of the case at bar. As showing the universal strictness with which this provision of the contract has been uniformly construed, the following authorities are cited: *Benson* v. *Miller,* 56 Minn. 410, 57 N. W. 943; *Smith* v. *Briggs,* 3 Denio 73; *O'Keefe* v. *Corporation of St. Francis' Church,* 59 Conn. 551, 22 Atl. 325; *Fuller* v. *Doyle,* 87 Fed. 687.

It follows that the court did not err in sustaining the demurrers. It does not become necessary to determine whether the clause relative to notice does or does not apply when the action taken is to terminate the employment instead of furnishing material and labor as therein provided.

Judgment affirmed.