## Charles R. Gnuske and Albert L. Gnuske, Copartners, for use of C. Sidney Sheppard & Company, Appellees, v. Neil J. Duffy, Appellant.

### Gen. No. 17,041.

1. BUILDING CONTRACTS—*architect's certificate.* Where a contract for work on a building provides that payments thereunder should be made upon certificates of an architect, the obtaining or presentation of such certificate is a condition precedent to the right to recover in the absence of facts or circumstances excusing it.

2. BUILDING CONTRACTS—*recovery where architect's certificate not obtained.* Where certificates of an architect, required by a contract providing that payments should be made upon such certificates, are not demanded or obtained, recovery may be had only for the amount which is undisputed.

3. PARTIES—*amendments at trial.* Though six years have elapsed since action was commenced, it is neither error nor an abuse of discretion to allow an amendment at the trial making an additional party plaintiff so as to conform to the proof.

Appeal from the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed on remittitur. Opinion filed March 4, 1913.

HUGH J. KEARNS, for appellant.

THOMAS M. POYNTON, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff recovered judgment for $69 for alleged completed work done under a written contract on defendant's building. Defendant concedes that he was justly indebted to the amount of $35. The contract provided that the payments thereunder should be made upon certificates of the architect in charge of the construction.

In the absence of facts or circumstances excusing it—and there are none in this case—the obtaining or

CHICAGO—FIRST DISTRICT—MARCH, 1913.    649

National Union Bldg. Assn. v. Knab, 177 Ill. App. 649.

presentation of the certificate was a condition precedent to the right to recover. International Cement Co. v. Beifeld, 173 Ill. 179. Plaintiff admits that no final certificate was demanded or issued. In view, therefore, of that fact and that the amount in excess of $35 is in dispute, the judgment can be affirmed only for such amount.

It was not error or an abuse of discretion to allow an amendment at the trial, making an additional party plaintiff, so as to conform to the proof, even though six years had elapsed since the commencement of the suit.

If plaintiff will within ten days from the filing of this opinion file in this court a remittitur of $34, the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Affirmed on remittitur.*