### CINCINNATI, N. O. & T. P. RY. CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1924.)

No. 3917.

**1. Contracts ⟨⟩306(4)—Compliance with provision for taking over work of contractor held condition precedent.**

Under a contract for the construction of a railway track, compliance with the requirement that railway's chief engineer of construction certify to the railway that the contract was not progressing satisfactorily, and that contractor was in default, *held* a condition precedent to railway's exercise of the right to take over and complete the contract on contractor's account.

**2. Contracts ⟨⟩306(4)—"Certificate" of engineer, as respects construction contract, defined.**

No particular legal phraseology or technical form was necessary to constitute a "certificate" under a contract for the construction of a railway track, giving railway the right to take over and complete the work on certificate of its chief engineer that the contractor was not progressing satisfactorily or was in default; a "certificate" being a writing giving assurance that a thing has or has not been done, that a fact exists or does not exist (citing Words and Phrases, First and Second Series, "Certificate").

**3. Contracts ⟨⟩306(4)—Unsigned copy of letter to contractor's surety held not to comply with contract requirement for engineer's "cetificate."**

A contract for the construction of a railway track, giving railway the right to take over and complete the work on contractor's account on certification by its chief engineer of construction that the contractor was not progressing satisfactorily, *held* not complied with by letter to contractor's surety, unsigned carbon copy of which was sent to railway, reciting that contractor was not progressing satisfactorily, and calling on surety to see that contractor performed the contract, or to take over the contract itself, requesting surety to advise whether it would comply therewith, and stating that if it did not the railway would take over the work.

**4. Contracts ⟨⟩306(4)—Railway contractor's surety held entitled to insist that certificate of railway's engineer comply with contract.**

Where a contract for constructing a railway track gave railway the right to take over and complete the work, contractor's surety had the right to insist on certification by railway's chief engineer of construction that the work was not progressing satisfactorily, in substantial compliance with the contract, before surety could be held liable.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Action by the Cincinnati, New Orleans & Texas Pacific Railway Company against the Fidelity & Deposit Company of Maryland. Judgment for defendant, and plaintiff brings error. Affirmed.

Edward Colston, of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for plaintiff in error.

James G. Stewart, of Cincinnati, Ohio (Albert H. Morrill, of Cincinnati, Ohio, Washington Bowie, Jr., of Baltimore, Md., H. B. Lindsay, of Knoxville, Tenn., and Nichols, Morrill, Stewart & Ginter, of Cincinnati, Ohio, on the brief), for defendant in error.

Before DONAHUE and MACK, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge. The parties to this suit were plaintiff and defendant, respectively below, and shall be referred to in this opinion as such.

Prior to, on, and subsequent to, July 9, 1917, plaintiff, an Ohio corporation, was operating a line of railway known as the Cincinnati Southern Railway from Cincinnati, Ohio, to Chattanooga, Tenn., and on said date of July 9, entered into a contract with the Sheahan Construction Corporation for the building of a track $6^3/_{10}$ miles in length between Helenwood and Robbins, in the state of Tennessee.

Defendant executed a bond in the sum of $20,000 on said date, to guarantee plaintiff against loss by reason of any failure of the construction company to build the road as contracted.

On or about October 17, 1918, plaintiff, in the exercise of what it deemed to be its right under the contract, took charge of the work and completed the undertaking at a cost greatly in excess of the contract price. It thereupon instituted this proceeding to recover from the defendant the amount of the bond.

In the view we have taken of the case, plaintiff's right to a recovery depends upon whether or not there was a compliance with section 12 of said contract wherein it is provided:

"That the railway company shall have the right, and the same is hereby reserved to it, to itself take charge of the said work at any time, and to exclude the contractor therefrom, and to complete the same for account of the contractor; provided, however, that such right shall only be exercised when, and in the event that, the chief engineer of construction of the railway company shall certify to it that the contractor is not progressing satisfactorily with said work, and is not employing thereon sufficient forces and equipment to insure the completion of the same within the time specified in this agreement for such completion, or that the said contractor is in default under this contract, and that there is no reasonable expectation that within any reasonable time the said contractor can make good such default."

October 17, 1918, there was addressed to defendant at Baltimore, Maryland, the following communication:

"L. E. J.: Please note.  10/19, H. B. S.
"Southern Railroad and Associated Lines.
"Washington, D. C., October 17, 1918.
"Fidelity & Deposit Company of Maryland, Baltimore, Md.—Dear Sirs: Re Bond $20,000, dated July 9, 1917, indemnifying C., N. O. & T. P. Ry. Co. against failure of H. H. Thrasher to perform his contract with C., N. O. & T. P. Ry. Co. of July 9, 1917, for construction work between Helenwood, Tenn., and Robbins, Tenn.

"Referring to my letter of October 2, 1918, to Sheahan Construction Company, copy to you, in re above contract, to which I have received no reply.

"I advise that Sheahan Construction Company is not progressing satisfactorily with the work under its contract and is not employing thereon sufficient forces and equipment to insure the completion of the same within the time specified in the agreement for such completion, and I have so certified to the C., N. O. & T. P. Ry. Co.

"This is notice to you of the default of the contractor, and call is made upon you to see that the contractor performs his contract, or to take over the contract and complete it for his account. Please advise if you will do this.

"Should you not do so immediately, this company or its agents will itself take charge of said work and exclude the contractor therefrom, and this is notice to you that it will hold your company responsible under your bond for the failure of the contractor to perform the work in accordance with the contract.

  "Yours truly,   ·       Chief Engineer Construction.
"SRP/B
"Copy to:          .
   "Mr. H. B. Spencer, Vice President, C., N. O. & T. P. Ry. Co.
   "Mr. E. H. Coapman, Federal Manager, C., N. O. & T. P. Ry. Co."

On the trial of the case before the court below, and a jury, the above communication was offered by plaintiff in evidence as a certificate made in compliance with section 12 of the contract. Upon objection by defendant the paper was excluded as such certificate, and, upon the submission of the case to the jury, a verdict was returned in favor of defendant, and a judgment was entered for defendant.

Plaintiff assigns as error, among others, the action of the court in excluding the so-called certificate as evidence, and here contends, as in the trial court, that this communication was a substantial, if not a full and complete, compliance with the provisions of section 12, above quoted. .

[1-3] We are of opinion there was no error committed in the exclusion of this paper as evidence. Before plaintiff was warranted in ejecting the contractor from the work or in taking charge thereof upon the assumption that the contractor was not complying with the contract, it was necessary: First, that the chief engineer of construction of the railway company should certify to plaintiff that the contractor was not progressing satisfactorily with the work, and not employing sufficient forces and equipment to insure that the same would be completed within the time specified in the contract or, second, that the contractor was in default under the contract, and that there was no reasonable expectation that within any reasonable time the contractor would make such default good.

A compliance with the provisions of this clause was a condition precent to the exercise of the privileges given plaintiff therein, and the first and chief requisite was that the engineer of construction should "certify" to plaintiff, not to some other party, that the contractor had failed to comply with some one or more of the provisions of the contract entitling the railway company to take charge of and complete the work as therein provided. U. S. v. O'Brien, 220 U. S. 321, 31 Sup. Ct. 406, 55 L. Ed. 481; Amer., etc., Eng. Co. v Butler, 165 Cal. 497, 133 Pac. 280, Ann. Cas. 1916C, 44; Meredith v. Roman, 49 Mont. 204, 141 Pac. 643; Simmons v. Ocean Causeway, 21 App. Div. 30, 47 N. Y. Supp. 360; Champlain Const. Co. v. O'Brien (C. C.) 104 Fed. 930; Valente v. Weinberg, 80 Conn. 134, 67 Atl. 369, 13 L. R. A. (N. S.) 448; O'Keefe v. St. Francis' Church, 59 Conn. 551, 22 Atl. 325; International Cement Co. v. Beifeld, 173 Ill. 179, 50 N. E. 716; Heidbrink v. Schaffner, 147 Mo. App. 632, 127 S. W. 418; Charlton v. Scoville, 144 N. Y. 691, 39 N. E. 394; General Supply, etc., Co. v. Goelet, 149 App. Div. 80, 133 N. Y. Supp. 978.

It is true no formal words, no particular legal phraseology, no technical terms, no prescribed form is necessary to constitute a particular

writing a "certificate" within the meaning of the law, nor is any such contention here made. In the sense in which the word "certify" was used in the contract here presented, it has been well defined as "a writing giving assurance that a thing has or has not been done, that a fact exists or does not exist." See Bouvier, vol. 1, p. 442, and authorities cited; Words and Phrases (1st Ed.) vol. 2, p. 1029; same (2d Ed.) vol. 1, p. 611, and authorities cited; Cook v. Ziff, etc., Lodge, 80 Ark. 31, 96 S. W. 618, 620; 6 Cyc. 729; 11 C. J. 76.

But the question presented is: Did the communication above set out comply with this portion of the contract? It fails so to do in several particulars:

First. The contract states the certificate must be made to the railway company. It is in the form of a letter addressed and sent to defendant, the bonding company.

Second. The contract states that it must be made by the chief engineer of construction. From the evidence in the record that which was sent, if anything, to the railway company was but a carbon copy of the letter written the bonding company, which carbon copy bore the signature of no one, and only by inference could it be said that this carbon copy was sent by the engineer in charge of construction.

Third. The contract provides the chief engineer of construction should certify that the contractor was not progressing satisfactorily with the work and not employing sufficient forces and equipment to insure the completion of the work within the contract period. The communication merely states that the writer thereof is advising the bonding company that the construction company is not progressing satisfactorily, nor employing sufficient forces, and that this fact has been so certified to the railway company, and notice is served upon the bonding company that the writer considers the contractor in default and calls upon the bonding company to see that the contractor performs this contract or take over the contract and complete it, and requests the bonding company to "please advise" the writer if it will comply with this request.

Fourth. The writer of the communication further notifies the bonding company that unless it (the Bonding Company) should immediately see that the contractor either performed the contract or should complete the work itself, then the railway company or its agents would exclude the contractor therefrom, take charge of the work, and hold the bonding company responsible under the bond.

The most that could be said of this communication is that it was a conditional notice, not to the railway company, but to the bonding company, that unless the contractor was made to comply with the contract by the bonding company, the railway company would then exercise its option under section 12.

Inasmuch as this suit was based upon the contract, as a matter of course the contract must govern, and it was incumbent upon the plaintiff to show a compliance therewith. The contract having defined the character of certificate or notice which should be given such certificate was therefore essential.

[4] Where there is a provision in a contract of the nature herein shown, a surety has a right to insist upon a compliance with that provi-

sion before it can be held responsible. It therefore had the right to have a certificate made in substantial conformity with the provisions of section 12. American Bonding & Trust Co. v. Gibson County, 127 Fed. 671, 673, 62 C. C. A. 397, and authorities there cited; 6 Cyc. 14, 15, and authorities cited; Michaelis v. Wolf, 136 Ill. 68, 26 N. E. 384; Benson v. Miller, 56 Minn. 410, 57 N. W. 943; Spencer v. Duplan Silk Co. (C. C.) 112 Fed. 638.

In view of these authorities it necessarily follows that a conditional notice to the surety is not the certificate, nor is it the equivalent of the certificate, required by the contract made the basis of this suit.

We have carefully examined the other assignments of error, the authorities cited, and the entire record. We find no error in the rulings of the court as to which complaint is made, and the judgment of the court below is therefore affirmed.