**UNITED STATES of America,**
**Plaintiff,**

v.

**Hugh Kyle NAUGHTEN, Ronald Glenn Miller and Harlan Vale Voshell, Defendants.**

**Cr. No. 12990.**

United States District Court
N. D. California, N. D.

June 9, 1961.

Laurence E. Dayton, U. S. Atty., San Francisco, Cal., for plaintiff.

Lambert & Lemmon and James W. Winchell, Sacramento, Cal., for defendants.

HALBERT, District Judge.

Presently before the Court is defendants' motion to dismiss Count III of the indictment on file in this case.

Count III of the indictment seeks, under the provisions of Title 50 U.S.C.A. Appendix § 462, to charge defendants with unlawfully and knowingly possessing "Selective Service System Registration Certificates, SSS Form 2, and Notice of Classification, SSS Form 110, purporting to be issued pursuant to the Selective Service Act of 1948 and the Rules and Regulations promulgated thereunder, knowing said forms to be falsely made, reproduced, counterfeited or altered." Defendants contend that there was not sufficient legal cause to justify the Grand Jury in indicting them for a violation of § 462, supra.

By appropriate proceedings, it is established that the precise forms upon which the Government will rely (in connection with Count III of the indictment) were blank. Such items as the names and addresses of registrants had not been filled in on the forms. Defendants contend that such blank forms are not "certificates" and that they do not "purport to be issued." Defendants' position is sound.

A "certificate" is "a writing giving assurance that a thing has or has not been done, that a fact exists or does not exist" (Cincinnati, N. O. & T. P. Ry. Co. v. Fidelity & Deposit Co., 6 Cir., 296 F. 298, 301). A certificate has also been defined as "a written testimony to the truth of any fact; a written declaration legally authenticated" (Dolan v. United States, 8 Cir., 133 F. 440, 449). An unauthenticated, unsigned statement is *not* a certificate (See: Merrell v. Tice, 104 U.S. 557, 26 L.Ed. 854).

It is obvious that Congress appreciates the difference between a "certificate" and a "blank form of a certificate," since Title 18 U.S.C. § 2197 pro-

hibits the possession of certain "certificates" by one not lawfully entitled to such possession, or the possession of an altered, forged or counterfeit "certificate", or the possession of, with intent unlawfully to use, "any blank form of such certificate." The latter phrase would be mere surplusage if a blank form were comprehended under the word "certificate." The use of such surplusage is not ordinarily to be attributed to Congress.

Again, Title 18 U.S.C. § 1426(f) prohibits one from possessing, without lawful authority, a blank certificate of naturalization or citizenship, with intent unlawfully to use the same. Title 18 U.S.C. § 1425(b) prohibits one from obtaining for a person not entitled thereto any certificate or evidence of naturalization or citizenship. It is of pointed significance here that Congress felt the necessity of a specific prohibition of the possession of *blank* certificates in § 1426(f), supra.

 None of the forms in question purport to "be a certificate *issued* pursuant to this title, or rules and regulations promulgated hereunder" [Emphasis added] (See: Title 50 U.S.C.A.Appendix § 462(b) (5) and United States v. Turner, 2 Cir., 246 F.2d 228). The forms in question may purport to be *forms* issued pursuant to the said rules and statutes, but they definitely are not "certificates," so issued.

The Government contends that defendants can be held to answer for a violation of § 1623.6 of the Selective Service Regulations (32 CFR § 1623.6). This well may be so (See: Title 50 U.S.C.A. Appendix, § 462(b) (6)), but the indictment in the instant case charges the possession of *certificates purporting to be issued* pursuant to the Act, etc., rather than the possession of counterfeited *forms* with the intent to utter or publish such forms as true.

The record is clear that the evidence (There is no dispute as to the actual nature of the evidence) which the Government will seek to use to establish the charge sought to be made in Count III of the indictment will not as a matter of law support the charge. Such being the case, the only rational course open to the Court is to dismiss that count (See: United States v. James, D.C., 187 F.Supp. 439; Olmstead v. United States, 9 Cir., 19 F.2d 842, 53 A.L.R. 1472; United States v. Costello, 2 Cir., 221 F.2d 668, affirmed sub nom. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L. Ed. 397).

It is, therefore, ordered that defendants' motion to dismiss Count III of the indictment be, and the same is, hereby granted. Count III of the indictment is dismissed.