## Brighton Theatre Company, Appellee, v. Theodore Graf, Appellant.

### Gen. No. 32,140.

Opinion filed February 27, 1928.

A. S. and E. W. FROEHLICH, for appellant.

ROBERT W. DUNN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover $11,913.79 which it claimed was due by reason of the defendant's breach of a contract. The case was

tried before a judge and a jury. There was a verdict in favor of plaintiff for $5,467.62, from this plaintiff remitted $635.01, leaving a balance of $4,832.61, upon which judgment was entered and the defendant appeals.

The record discloses that plaintiff was constructing a moving picture theater on Archer avenue, Chicago, and on December 5, 1919, entered into a written contract with the defendant, whereby the defendant agreed to do the lathing and plastering in connection with the building. And the evidence on behalf of plaintiff tends to show that the consideration specified in the contract dated December 5, 1919, was $17,000; that on June 8, 1920, by agreement of parties, the consideration was increased to $18,400 and the date of the contract changed to June 8, 1920. There was evidence on the other side tending to show that no change was made, but we think this question is immaterial and, therefore, nothing further will be said on this point.

The evidence further tends to show that the price of labor and material advanced very materially after the date of the contract and that the defendant was demanding that he be paid more than the amount specified in the contract and that he threatened to abandon the work unless this was done. Thereupon on October 6, 1920, the parties entered into the following written agreement:

"We, the undersigned, hereby agree to submit the differences existing between us in regard to building at 4221–4227 Archer avenue to arbitration; each of us to select one man and the two men selected to appoint a third man as umpire and we agree to abide by the decision of the majority of said arbitrators. The said Arbitration Committee shall meet not later than October 8, 1920, to consider the differences between us and shall submit their judgment of the case not later than October 15, 1920."

The evidence further tends to show that plaintiff appointed an arbitrator, but that the defendant failed to do so, although there is some slight conflict on the latter point. But there was no arbitration and shortly thereafter the defendant abandoned the work, the evidence being to the effect that he did so because the plaintiff refused to pay him more money for the lathing and plastering that he was to do in accordance with the terms of the written contract. It further appears that shortly after the defendant abandoned the work, plaintiff took it over and completed the lathing and plastering and that the last work was done about January 5, 1921.

On the 19th of March, 1924, plaintiff brought this suit, claiming that it had been damaged by reason of the defendant's breach of the written contract in that it had cost plaintiff to finish the work $5,886.04 more than the contract price. A further claim was made that plaintiff, by reason of the defendant's delay and failure to complete the work, had lost rents from August 1, 1920, to January 5, 1921, aggregating $6,027.75, making plaintiff's total claim $11,913.79.

The written contract entered into by the parties provides that should the defendant refuse or neglect to supply "a sufficiency of properly skilled workmen, or materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence" that the architect should be at liberty, after five days' written notice to the defendant, to provide such labor or material and to deduct the cost thereof from any money then due or to become due to the defendant under the contract. And further that if the architect should certify that the refusal or neglect of the defendant in the respect above mentioned was sufficient ground, then the owner (plaintiff) or architect should "also be at liberty to terminate the employment of the contractor," (defendant) and to enter upon the premises and take possession for the purpose of completing

the work and that if this were done, the contractor should not receive any further payment under the contract until the work was wholly finished, at which time, if the unpaid balance of the amount to be paid under the contract should exceed the expense incurred by the owner for finishing the work, then the excess should be paid to the contractor, but if the expense incurred by the owner exceeded the unpaid balance, then the contractor should pay the difference to the owner. The contract then contained the following: ''The expense incurred by the Owner, as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such fault, shall be audited and certified by the Architect, whose certificate thereof shall be conclusive upon the parties,'' provided, however, if either the owner or the contractor should dispute the architect's decision, then the matter was to be referred to arbitration.

The defendant contends that the judgment is wrong and should be reversed because plaintiff did not attempt to comply with the provisions of the contract above referred to; that he was not given the five days' notice as provided in the contract which was a condition precedent to the right to take over and complete the job. And further that under the contract the work having been taken over by the owner, the additional expense incurred by the owner in finishing the work should be audited and certified to by the architect and that since this was not done, the judgment cannot stand.

In reply to these contentions plaintiff says that his suit is not brought upon the written contract entered into between the parties whereby the defendant agreed to do the lathing and plastering of the building, but that the suit is predicated upon the violation by the defendant of the written agreement entered into by the parties on October 6, 1920, and above quoted. And a further contention is that even if the suit be considered as brought upon the written contract, then the provi-

sion of the contract providing that the work might be taken over and finished by the owner, as above stated, does not apply because the defendant abandoned the work. As to the first contention of the plaintiff, we think it cannot be sustained for a number of reasons. In the first place, plaintiff's statement of claim discloses the fact that plaintiff's suit is bottomed on the written contract entered into between the parties. In fact the written agreement entered into October 6th between the parties to arbitrate their differences did not cover the question under consideration. The evidence all shows that the difference between the parties on October 6th, and prior thereto, was as to how much additional consideration should the defendant receive for completing the job. Moreover it appears from the record that plaintiff on May 16, 1924, about two months after the suit was brought, filed a copy of the written contract entered into between the parties as being a copy of the contract sued on. As to the second contention made by the plaintiff, we are also of the opinion that while it is plausible, it cannot be sustained. The contract provides that in case the work is taken over by the owner and the job finished and the owner is thereby required to pay more money for the work than provided in the contract, the excess shall be paid by the defendant. It also provides that where the owner takes over the work the expense thus incurred by him "shall be audited and certified by the architect whose certification thereof shall be conclusive upon the parties." The parties here by their written contract provided a method for determining the cost for the completion of the work and this method was to be conclusive upon the parties unless objection was made to the architect's decision, in which case the matter was to be determined by arbitration. The parties having by their contract expressly provided for a contingency such as the one involved in the instant case, that method should have been pursued or some excuse given for not

doing so. A case in point, where the provision of the contract was almost identical in terms with that before us, and where the facts were substantially the same as in the instant case, the court held that before a recovery could be had for work done in completing a job, the architect's certificate, showing that he had audited and certified the work, must be produced. *International Cement Co. v. Beifeld,* 173 Ill. 179. (See also *American Bonding Co. of Baltimore v. United States,* 167 Fed. 910.) In the *Beifeld* case as in the instant case it was contended that the provision of the contract did not apply where the contractor had abandoned the work, but this was held untenable. We think that case controlling here.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.