(No. 89-CC-1199–)

G.O.B. CONSTRUCTION, INC., Claimant, *v.* ILLINOIS
DEPARTMENT OF REHABILITATION SERVICES,
STATE OF ILLINOIS, Respondent.

*Order filed August 19, 1991.*

*Order filed October 15, 1991.*

FITZPATRICK & LEAHY, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL,
Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, J.

This cause coming to be heard upon the Claimant's
motion for summary judgment on Count I of the
complaint in the amount of $106,620.00, due notice
having been given, and this Court being fully advised in
the premises, finds that the parties had entered into a
contract for the renovation of a cafeteria at Thornton
Community College. The contract document was pre-
pared on a form called the standard form of agreement
between owner and contractor provided by the Amer-
ican Institute of Architects.

The contractor, G.O.B. Construction, Inc., was
terminated before the work called for in the contract
was completed. The parties are not contesting whether
the termination was proper. Rather they are contesting

the amount owed G.O.B. Construction, Inc. The contract stated that if the contractor performed certain services and provided certain materials the State would pay $178,980.00. The State had paid $72,360.00 prior to the termination. The State, after termination, hired other contractors to complete the work at a cost of $37,076.89. The Claimant contends that this amount may not be deducted from the amount owed because the Respondent does not have architect's certificates as per sections G.C. 22 and G.C. 23 of the contract.

The relevant language of the above sections of the contract is as follows:

G.C. 23 OWNER'S RIGHT TO TERMINATE CONTRACT:

"The expense incurred by the Owners as herein provided and the damage incurred through the Contractor's default shall be certified by the Architect."

G.C. 22 THE OWNER'S RIGHT TO DO WORK:

"The Owner may deduct the cost thereof from the payment then and therefore due to the Contractor, provided however, that the Architect shall approve both such action and the amount charged to the Contractor."

Section G.C. 23 speaks to "expense" and "damage" in regard to finishing the work, and such must be certified by the architect. Section G.C. 22 speaks to "cost" and the architect must "approve" the amount thereof. It is apparent that the Respondent has no architect's certificate as to "expense" and "damage," nor does it appear to have a written approval as to the amount of "cost." The Claimant contends that under the cases cited by it, failure to have the architect's certificate or approval means that the Respondent may not deduct from the amount due the Claimant the $37,076.98 it expended to complete the work, and the Claimant is entitled to the unpaid balance of the contract without further proof.

In support of its contention, the Claimant cites two cases in which the holding was that if an architect's

certificate in the language of the contract was "conclusive" as to the cost of completion, the owner may not recover the cost of completion from a defaulting contractor without the certificate. (*International Cement Co. v. Beifeld*, 173 Ill. 179; *Brighton Theatre Co. v. Graf*, 248 Ill. App. 140.) In both cases the owner was the plaintiff seeking the cost of completion from a defaulting contractor.

In this claim the contractor is the Claimant seeking the balance of the contract price from the owner, and there is no language in the contract stating that the architect's certificate is "conclusive" as to the cost of completion. Whether the language of the present contract is effectively equivalent to the language in the contracts in the cases of *International Cement Co.* and *Brighton Theatre Co., supra,* is an issue that we do not have to decide to rule on the Claimant's motion.

Even if we were to agree with the Claimant as to the applicability of the holdings in the foregoing cases, the Claimant still must prove its claim. The Claimant has no architect's certificates for the balance of the contract price as required by the contract, and it is not arguing that it was improperly terminated and, thus, prevented from getting the certificates. It appears that this particular situation is not covered in the contract. Therefore, this Court finds that the claim must be proved as in any other contract dispute. The Claimant must prove performance, the value of the work done, the value of the materials provided, *etc.* Thus, summary judgment for the unpaid balance of the contract in the amount of $106,620.00 cannot be granted. It is therefore, ordered that the Claimant's motion for summary judgment is denied.

## ORDER

SOMMER, J.

This cause coming on to be heard on the stipulation of the parties, due notice having been given, and the Court being fully advised in the premises;

The Court finds that on or about October 27, 1989, Claimant filed the above captioned complaint for monies due under a contract for the renovation of a cafeteria at Thornton Community College. That after negotiations between the parties, Respondent concedes liability for such claim only to the extent agreed herein. That no other evidence, oral or written, will be presented to the Court, and both parties waive briefs. That both parties agree that said award will constitute full and final satisfaction of the claim herein or any other claim arising out of the same occurrence.

It is hereby ordered that the Claimant is awarded $69,543.02, the amount of money left in the small business enterprise line item No. 001-48830-4400-0400.